[This opinion has been published in *Ohio Official Reports* at 84 Ohio St.3d 1226.]

IN RE DISQUALIFICATION OF PANIOTO.

WYLER *v.* WYLER.

[Cite as *In re Disqualification of Panioto*, 1998-Ohio-479.]

*Judges—Affidavit of disqualification—Ex parte communications made by judge to health care professionals of parties' children—Consent by parties to judge's contacts—Bias or prejudice not shown.*

(No. 97-AP-177—Decided January 23, 1998.)

ON AFFIDAVIT OF DISQUALIFICATION in Hamilton County Court of Common Pleas case No. A-9008424.

——————————

MOYER, C.J.

{¶ 1} This affidavit of disqualification was filed by James J. Condit, counsel for plaintiff Karen L. Wyler in a domestic relations case before Judge Ronald A. Panioto. Pending before Judge Panioto is defendant Jeffrey L. Wyler's motion to modify custody.

{¶ 2} Affiant contends that Judge Panioto should be disqualified because of comments made during a series of hearings last year and because he has engaged in frequent *ex parte* communications with health care professionals of the parties' children. As to affiant's first contention, I have reviewed the transcript of these hearings submitted by Judge Panioto and cannot conclude that the comments referenced by affiant demonstrate a bias or prejudice on the part of the judge. Judge Panioto's comments were made following the testimony of the therapist for the parties' minor son and in view of the failure of affiant's client to appear or testify at the hearings. While Judge Panioto indicated that he had sufficient evidence to support a decision to modify the existing custody arrangement, he did not do so. Instead, he granted the affiant's request to appoint a different therapist for the

parties' children. Such an action is in direct contradiction to affiant's claim that Judge Panioto is biased and prejudiced against his client.

{¶ 3} With respect to the claim that Judge Panioto has engaged in *ex parte* communications with the children's health care professionals, Judge Panioto notes that the parties agreed in 1994 that he should have regular and direct contact with the children's therapists and that these contacts have continued with the knowledge of the parties and without objection. Given affiant's apparent consent to this procedure, I cannot conclude that the communications demonstrate a bias or prejudice that mandates Judge Panioto's disqualification.

{¶ 4} For these reasons, the affidavit of disqualification is found not well taken and is denied.

_____